**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| FAKHRIODIN BAKHRIEV, | : |
| Petitioner, | : |
| | : |
| v. | :    No. 2:26-cv-0022 |
| | : |
| DAVID O'NEILL, *Field Office Director* | : |
| *of Enforcement and Removal Operations,* | : |
| *Philadelphia Field Office, Immigration* | : |
| *and Customs Enforcement, et al.,* | : |
| Respondents. | : |

---

**O R D E R**

**AND NOW,** this 27th day of January, 2026, upon consideration of the Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1;[1] the Government's Response in

Opposition, ECF No. 3;[2] Petitioner's Traverse, ECF No. 5; and for the reasons set forth in this

Court's Opinions issued in *Restrepo v. Jamison*, No. 2:25-cv-06518 at ECF No. 16 (E.D. Pa.

January 20, 2026) and *Mirdjalilov v. Federal Detention Center Philadelphia, et al.*, No. 2:25-cv-

---

[1]    Petitioner Fakhriodin Bakhriev, a citizen of Uzbekistan, entered the United States without inspection around March 23, 2022, at the United States-Mexico border. *See* Pet. ¶¶ 2, 17, ECF No. 1. Thereafter, he was apprehended by Customs and Border Patrol ("CBP"), charged with removability under 8 U.S.C. § 1182(a)(6)(A)(i) ("Aliens present without admission or parole") for having entered the United States without admission or inspection, released on his own recognizance, issued a Notice to Appear, and placed in removal proceedings. *Id.* ¶ 3. He filed an application for asylum, which is pending. *Id.* On December 23, 2025, Bakhriev was arrested by Immigration and Customs Enforcement ("ICE") officers while sitting in his car in a parking lot. *Id.* ¶ 4. He is being held without bond having been set. *Id.* ¶ 17. Bakhriev filed the instant petition on January 5, 2026. He alleges that his detention violates: (I) the Immigration and Nationality Act, (II) bond regulations 8 C.F.R. §§ 236.1, 1236.1, and 1003.19, and (III) due process. *See id.* ¶¶ 50-60.

[2]    On January 6, 2026, the Government filed a Response, arguing that the Court should deny habeas relief because: (1) this Court lacks jurisdiction to intervene in Bakhriev's removal proceedings; (2) Bakhriev is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); and (3) Bakhriev's detention does not violate Constitutional due process requirements. *See* ECF No. 3.

07068 at ECF No. 9 (E.D. Pa. January 23, 2026), which are incorporated in their entireties

herein;[3] **IT IS ORDERED THAT**:

The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED in part**,[4] as follows:

1.     Petitioner Fakhriodin Bakhriev is not subject to mandatory detention under 8

U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary

provisions of 8 U.S.C. § 1226(a);

2.     **Within seven (7) days of the date of this Order**, the Government SHALL

provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a);

3.     If a bond hearing is not held before an Immigration Judge within seven (7) days,

the Government shall immediately RELEASE Petitioner from ICE custody; and

4.     The Clerk of Court shall mark this case **CLOSED**.


BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[3]     These opinions addressed similar habeas claims and rejected the Government's
arguments, which are substantially the same as those brought in the above-captioned action.
These opinions are only two of dozens of cases decided in this District.  In a manner consistent
with other recent decisions in this District, this Court found that it has jurisdiction pursuant to 28
U.S.C. § 2241, that neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip jurisdiction, that exhaustion
is not required, and that the petitioners' continued detentions without a bond hearing violated the
INA and Fifth Amendment due process protections.
[4]     Bakhriev's continued detention without a bond hearing violates the INA.  As he is
entitled to habeas relief on this basis, the Court will not reach the merits of his claims based on
violations of 8 C.F.R. §§ 236.1, 1236.1, and 1003.19, or on Fifth Amendment due process.
Because the petition seeks relief in the form of immediate release, it is granted in part, by first
ordering a bond hearing, and then ordering his immediate release if a bond hearing is not timely
provided.